IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| D'AUR PROPERTIES, LLC | § § | CASE NO. 10-39034-H5-11 |
| DEBTOR | § § § § | |

**DEBTORS' INTERIM AND FINAL EMERGENCY
MOTION FOR AUTHORITY TO USE CASH COLLATERAL
AND REQUEST FOR PRELIMINARY HEARING**

IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING, AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY-ONE (21) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.

IF A PARTY REQUESTS EMERGENCY CONSIDERATION, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER. IF THE COURT ALLOWS A SHORTER RESPONSE TIME THAN TWENTY-ONE (21) DAYS, YOU MUST RESPOND WITHIN THAT TIME. IF THE COURT SETS AN EMERGENCY HEARING BEFORE THE RESPONSE TIME WILL EXPIRE, ONLY ATTENDANCE AT THE HEARING IS NECESSARY TO PRESERVE YOUR RIGHTS. IF AN EMERGENCY HEARING IS NOT SET, YOU MUST RESPOND BEFORE THE RESPONSE TIME EXPIRES.

THE DEBTOR HAS REQUESTED THAT THIS MOTION BE CONSIDERED ON AN EXPEDITED BASIS.

COMES NOW, D'AUR PROPERTIES, LLC, (hereinafter known as "Debtor" or "Movant") and files this Debtor's Interim and Final Emergency Motion for Authority to Use Cash Collateral and Request for Preliminary Hearing in accordance with 11 U.S.C. § 363 and respectfully shows the Court as follows:

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 157 and § 1334.

2.      On or about October 5, 2010, the Debtor filed its voluntary petition for relief under Chapter 11 of Title of the United States Code (the "Bankruptcy Code"), thereby commencing this case. The Debtor was assigned case number 10-39034-H5-11 and bankruptcy judge Honorable Karen Brown. The Debtor is operating its business and managing its property as debtor-in-possession pursuant to § 1107 (a) and § 1108 of the Bankruptcy Code. The Debtor is in the business of operating and managing a apartment complex located at 3333 Ridgemont Drive, Orange, Texas 77630.

3.      No trustee or examiner has been appointed, and no official committees were requested.

4.      On or about December 13, 2004, the Debtor had entered into a Loan Agreement, and certain other documents and agreements related thereto, including without limitation, a Deed of Trust and Security Agreement (with the assignment of rents and leases and financing statements) (the "Loan Documents") with IXIS Real Estate Capital, Inc., in the original amount of $1,400,000. On or about March 17, 2006, via an assignment Lasalle Bank National Association, as Trustee For Morgan Stanley Capital I Inc., Commercial Mortgage Passthrough Certificates, Series 2005-IQ9 (the "Bank"),  Pursuant to the Loan Documents, the Bank agreed to make loans, and advances to the Debtor, subject to the terms and conditions contained therein.

5.      To secure payment of the obligation owing to the Bank pursuant to the Loan Documents, the Debtor granted the Bank a security interest all real property and account receivables, equipment and inventory. The collateral of the Bank, as more fully described in the Loan Documents is hereinafter collectively referred to as "Pre-Petition Collateral".

6. As of October 1, 2010, the total principal indebtedness owing by the Debtor to the Bank pursuant to the Loan Documents in regards to the outstanding loan was approximately $1,301,670.36.

7. Debtor Pre-Petition Collateral including real property, account receivables, equipment and inventory at the time of filing was $1,924,524.45 thereby the Bank is oversecured on the obligation due and owing by the Debtor.

8. Prior to the commencement of this bankruptcy case and during the pendency of this case the Debtor has been operating. At the present time, it is imperative that the Debtor obtain authority from this Court, in accordance with 11 U.S.C. § 363(c)(2)(B), to use cash collateral in order to maintain its business operations and protect its ability to reorganize in accordance with Chapter 11 of the Bankruptcy Code.

9. The Debtor requests that this Court authorize and approve the Debtor's use of cash collateral for the payment of its operating expenses as set forth in the Budget attached as Exhibit "A". In order to continue its business activities and in an effort to achieve successful reorganization, the Debtor must be permitted to use cash collateral in its ordinary daily operation. The Debtor currently has no present alternative borrowing source to secure additional funding to operate its businesses. Additionally, Debtor has no other source of income other than revenue generated from the operations. If Debtor is not permitted to use such proceeds, it will have to close down its operations forthwith without paying its employees and without being able to finish it ongoing contracts.

10. The Debtor has been in contact with the Bank and after initial conversation with counsel for the Bank, no agreement could be reached. An agreement on the use of the cash collateral should be possible with the Bank upon further discussions.

11. In an effort to adequately protect the interest of the Bank in the Pre-Petition collateral for the Debtor's use of cash collateral as requested in this Motion, the Debtor is offering to provide Bank with replacement liens pursuant to 11 U.S.C. § 361(2), in and to all property of the Estate of the kind presently securing the indebtedness owing to the Bank to the extent that the proceeds from Pre-Petition Collateral are spent.

12. In the event this Court does not authorize Debtor's use of cash collateral, Debtor will be unable to maintain its current business operations and proposed plan of reorganization as contemplated by the Bankruptcy Code. Without the use of the cash collateral, Debtor will be seriously and irreparably harmed, resulting in significant losses to the Debtor's estate and its creditors.

13. In filing this Motion, the Debtor does not admit that the Bank holds valid, perfected, or enforceable pre-petition liens and security interest in and to any of the pre-petition collateral and Debtors does not waive the right to contest the validity, perfection or enforceability of the Bank's pre-petition liens and security interest in and to any such estate property.

14. Debtor hereby requests a emergency hearing on Debtor's Emergency Motion for Authority to Use Cash Collateral.

15. In accordance with Local Bankruptcy Rules 4001, this Motion has been served on all secured creditors, any equity claiming an interest in the cash collateral, the Debtor, the United States Trustee, the twenty (20) largest unsecured creditors of the Debtor, and all parties requesting notice pursuant to Bankruptcy Rule 2002.

16. Debtor hereby request that the Court set a final hearing on this Motion after expiration of the interim Budget and waive the 15 day notice period required by Bankruptcy Rule 4001(b).

WHEREFORE, PREMISES CONSIDERED, Debtor request that this Court enter an Order pursuant to 11 U.S.C. § 363(c)(2)(B) authorizing the Debtor's to use cash collateral for its general ongoing business operations as described in this Motion and Budget attached as Exhibit "A" and to grant Debtor such other and further relief as is just and proper.

Respectfully submitted,

ORLANDO & BRAUN, LLP

___/s/ Calvin Braun_____
Calvin Braun
SBN. 00783713
3401 Allen Parkway, Ste. 101
Houston, Texas 77019
(713) 521-0800
(713) 521-0842 fax

ATTORNEY FOR THE DEBTOR

CERTIFICATE OF SERVICE

I hereby certify that on 2nd day of November, 2010, a copy of the foregoing Debtor's Emergency Motion for Interim and Final Authority to Use Cash Collateral and Request For Preliminary Hearing was served by first class mail, postage prepaid, and/or ECF Transmission upon all parties listed below.

/s/ Calvin Braun
Calvin Braun

D'Aur Properties, L.L.C.
Walden Davis, Jr.
595 Piedmont Ave. NE
Ste. 320-357
Atlanta, GA 30308

Orlando & Braun LLP
3401 Allen Parkway, Ste. 101
Houston, TX 77019

A-1 American Fence, Inc.
701 Lutcher Dr.
Orange, TX 77632-2500

Allied Waste Services
6425 Highway 347
Beaumont, TX

AT&T
931 Green Avenue
Orange, TX 77630

AT&T Mobility
5565 Glenridge Dr. NE
Atlanta, Georgia 30075

Bank of America, National Association,
As Tr. For Morgan Stanley Capital I, Inc
c/o Fulbright & Jaworski, LLP
1301 Mc Kinney, Ste. 5100
Houston, TX 77010

Billy Jackson, Maintenance Technician
Autumn Park Apartments
3333 Ridgemont Drive
Orange, TX 77630

Blue Moon Softward, Inc.
PO Box 684926
Austin, TX 78768

Debra Marlow, Resident Manager
Autumn Park Apartments
3333 Ridgemont Drive
Orange, TX 77630

Edgewater Group, LLC
34 Lone Oak Trail
Sunset Valley, TX 78745

HD Supply Facilities Maintenance, Ltd
P.O. Box 509058
San Diego, CA 92150-9058

J. Allen Management Company, Inc.
1390 Broadway Street
Beaumont, TX 77701

John D. Cornwell
Bob Bruner
Fulbright & Jaworski, L.L.P.
1301 McKinney, Ste. 5100
Houston, TX 77010

Larry's Plumbing
1650 S 23rd St
Beaumont, TX 77707-4304

Lumpkin Premier Services
8370 Thomas Dr.
Bridge City, TX 77611

Morris Air Conditioning
& Heating Services, Inc.
655 North Street
Vidor, TX 77630

Orange County
c/o John Dillman
Linebarger, Goggan, Blair, L.L.P.
P.O. Box 3064
Houston, TX 77253-3064

Parker Lumber
2700 Macarthur Dr
Orange, TX 77630-4702

RVT International, LLC
595 Piedmont Avenue NE, Ste. 320-175
Atlanta, Georga 30308

Scott Total Lawn Care
8690 Bienville Drive
Beaumont, TX 77701

Time Warner Cable
602 N Memorial Frwy
Nederland, TX 77627-7153

Welcome Home America, Inc.
PO Box 246
Holly Springs, GA 30126

Wells Fargo Commercial Mortgage Services
Midland Loan Services - Rick Butterfield
PO Box 25970
Shawnee Mission, KS 66225-5970

Wilbur Turner, Maintenance Technician
Autumn Park Apartments
3333 Ridgemont Drive
Orange, TX 77630

## VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE

The undersigned, an attorney, under penalties of perjury, hereby certifies that a true and correct copy of the foregoing Motion has been transmitted by Unites States First Class, Mail, postage prepaid, and/or ECF Transmission to the Christine March at the United States Trustee Office at 515 Rusk, Ste. 3516, Houston, Texas 77002 on the _2nd_ day of November, 2010.

                                                  ____/s/ Calvin Braun_____
                                                  Calvin Braun

# Exhibit A

**D'Aur Properties, LLC**
**15-Day Bankruptcy Budget Plan**
**For the Period 11/01/2010 Through 11/15/2010**

| | Autumn Park<br>November 01-15, 2010 |
|---|---|
| **REVENUE** | |
| Rent Revenue-Gross Potential | $ 49,826.00 |
| Gross Potential Rent | $ 49,826.00 |
| **VACANCIES** | |
| Vacancy Loss | $ (6,723.90) |
| Uncollected Rents | $ - |
| Rental Concessions | |
| Total Vacancy Loss & Uncollected Rents | $ (6,723.90) |
| **OTHER REVENUE** | |
| Laundry and Vending Revenue | $ 350.00 |
| NSF and Late Charges | $ 250.00 |
| Damages, Cleaning & Exterior | $ 300.00 |
| Forfeited Security Deposits | $ - |
| Water Utility Revenue | $ 1,100.00 |
| Electric Utility Revenue | $ 3,500.00 |
| Application Fee Income | $ 250.00 |
| Unclassified Revenue Adjmnt | $ - |
| **TOTAL OTHER REVENUE** | $ 5,750.00 |
| **TOTAL REVENUE** | $ 48,852.10 |
| **OPERATING EXPENSES** | |
| **ADMINISTRATIVE** | |
| Conventions and Meetings | $ - |
| Management Consultants | $ - |
| Office Expenses | $ 877.80 |
| Office or Model Apartment Rent | $ - |
| Management Fee | $ - |
| Manager Salaries | $ 1,450.00 |
| Administrative Rent Free Unit | $ - |
| Insurance | $ - |
| Legal Expense - Project | $ - |
| Bookkeeping Fee/Accounting Services | $ 500.00 |
| Bad Debts | $ - |
| Bank Service Charges | $ - |
| Dues & Subscriptions | $ - |
| Credit Reports | $ 100.00 |
| Total Administrative | $ 2,927.80 |
| **UTILITIES** | |
| Electrcity | $ 5,499.14 |
| Water and Sewer | $ 7,406.96 |
| Cable | $ - |
| Total Utilities | $ 12,906.10 |
| **OPERATING & MAINTENANCE** | |
| Payroll-Maintenance | $ 2,285.00 |
| Payroll-Maintenance OT | $ - |
| Supplies - Roof Replacement Building 6 | $ 4,000.00 |
| Contract Labor - Roof Replacement Building 6 | $ 5,500.00 |
| Oper. & Maint. Rent Free Unit | $ - |
| Carpet Cleaning & Repairs | $ - |
| Garbage & Trash Removal | $ 875.00 |
| Grounds Contract | $ 850.00 |
| HVAC Repairs & Maintenance | $ - |
| Replace HVAC | $ - |
| Replace Flooring | $ - |
| Replace Applicances | $ - |
| Total Operating & Maintenance | $ 13,510.00 |
| **TAXES & INSURANCE** | |
| Real Estate Taxes | $ - |
| Payroll Taxes, Project's Share | $ 979.50 |
| Property/Liability Insurance (Hazard) | $ - |
| Health Insurance/Other Empl. Benefits | $ - |
| Total Taxes & Insurance | $ 979.50 |
| **FINANCIAL** | |
| Mortgage Note Payable | $ 12,775.72 |
| Total Financial | $ 12,775.72 |
| Total Cost of Operations pre-Deprec | $ 43,099.12 |
| Total Profit/Loss pre-Depreciation | $ 5,752.98 |
| **DEPRECIATION** | |
| Total Depreciation | $ - |
| Operating Profit/Loss | $ 5,752.98 |
| Corporate, Mortgage, or Cost of Oper | $ - |
| **NET INCOME/LOSS** | $ 5,752.98 |