UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
JUDY A. ROBBINS
UNITED STATES TRUSTEE
Christine A. March
Attorney for the United States Trustee
515 Rusk, Suite 3516
Houston, Texas  77002
Telephone: (713) 718-4650 Extension 239
Facsimile: (713) 718-4670
E-Mail:  christine.a.march@usdoj.gov

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| | § | |
| D'Aur Properties, L.L.C. | § | 10-39034-H5-11 |
| | § | |
| DEBTOR IN POSSESSION | § | CHAPTER 11 |

**EMERGENCY MOTION OF THE UNITED STATES TO DISMISS CASE OR
IN THE ALTERNATIVE TO CONVERT CASE TO CHAPTER 7 AND
NOTICE OF EXPEDITED HEARING**

*********************************************************************************

LOCAL RULE 9013-1(b) NOTICE:  THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY (21) DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

LOCAL RULE 9013-1(I) NOTICE: EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.
*********************************************************************************

**NOTICE OF HEARING: There will be a hearing on this Motion on
 July 11, 2011  at 11:00 a.m. in Courtroom #403, Fourth Floor,
Federal Courthouse Fourth Floor, 515 Rusk; Houston, Texas 77002.**

*********************************************************************************

TO THE HONORABLE KAREN K. BROWN
UNITED STATES BANKRUPTCY JUDGE:

  COMES NOW, Judy A. Robbins, the United States Trustee for the Southern District of Texas, by and through the undersigned counsel, who respectfully requests entry of an order dismissing this case pursuant to 11 U.S.C. § 1112(b), Fed.R.Bankr.P. 1017, and BLR 1002-1 and BLR 1017-2, or, in the alternative, converting this case to chapter 7, and represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. A matter involving a motion to convert or dismiss a chapter 11 case a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Judy A. Robbins is the duly appointed United States Trustee for the Southern District of Texas ("UST") pursuant to 28 U.S.C. § 581(a)(7).

3. Pursuant to 11 U.S.C. § 307, the UST has standing to appear and be heard on any issue in a case or proceeding under title 11.

4. Pursuant to 28 U.S.C. § 586(a)(3), the UST is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, the UST is charged with a number of supervisory responsibilities in reorganization bankruptcy cases under chapter 11 of Title 11, including monitoring the progress of such cases and taking such actions as the UST deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(G).

### Factual Background

5. This case was commenced by the filing of a voluntary petition under chapter 11 on October 5, 2010.

6. The Debtor is a limited liability corporation in October 2004 to acquire an existing apartment in Orange, Texas known as the Autumn Park Apartments. The complex was built in 1965 with 98 units which are 78% to 80% occupied at an average rental rate of $425 per unit. There are two employees including Mr. Davis and an onsite property manager who was hired in November of 2010.

7. The apartments are encumbered with a lien in favor of Bank of America, National Association, as successor by Merger to LaSalle Bank National Association, Trustee for Morgan Stanley Capital I, Inc., Commercial Mortgage Pass Through Certificates, Series 205-1Q9 who is acting through Midland Loan Services, Inc., a Delaware corporation as special servicer pursuant to that certain Pooling and Service Agreement dated February 1, 2005( Bank of America).

8. On June 16, 2011, under docket Number 69, this court entered an order granting the Motion of Bank of America, N.A. for relief from the automatic stay to allow the note holder to enforce its rights under the Note and security agreement including it's right to foreclose on the property. The property has been posted for foreclosure and it is anticipated that the foreclosure will occur on or about July 5, 2011.

9. Schedule A, Docket #12 filed by the Debtor indicates that the Autumn Park Apartments is the only real estate asset of the debtor. The remaining assets consist of unpaid rents that are also encumbered with the lien in favor of Bank of America. All of the Debtor's income is generated from rents. Without the apartments this Debtor is not able to reorganize.

## Cause to Convert or Dismiss

10. Additional grounds for dismissal are enumerated in 1112(b)(4)(J) and LBR 1017-2(a). This case should be dismissed for the additional reasons:
    a. On November 22, 2010, the court entered a scheduling order which required the Debtor to file a plan of reorganization no later than April 10, 2011. The Debtor requested an extension of this deadline and the court granted an extension to May 5, 2011. The Debtor has failed to filed a plan as ordered and has not requested an additional extension of this deadline.

## Relief Requested

11. The UST is of the opinion that emergency consideration is required because further time would only further delay the process. The Debtor is and shall be unable to reorganize and additional time would not benefit the Debtor nor any of its creditors. Immediate dismissal is in the best interest of creditors and the estate for inability to reorganize.

12. If this Court determines that dismissal is not in the best interest of creditors and the estate, then the UST, in the alternative, would request the immediate entry of an order converting this chapter 11 case to chapter 7.

      WHEREFORE, the UST prays that this Court enter an order dismissing this chapter 11 case pursuant to 11 U.S.C. § 1112(b), or, in the alternative, converting this case to chapter 7, and for any and all further relief as may be equitable and just.

                                    Respectfully submitted,

                                    JUDY A. ROBBINS
                                  UNITED STATES TRUSTEE

                              By: /s/Christine A. March
                                  Christine Ann March
                                  Attorney for the United States Trustee
                                  Texas Bar #129680200
                                  515 Rusk, Suite 3516
                                  Houston, Texas  77002
                                  Telephone: (713) 718-4650 Extension 239
                                  Facsimile: (713) 718-4670
                                  E-Mail: christine.a.march@usdoj.gov

                              CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **EMERGENCY MOTION OF THE UNITED STATES TO DISMISS CASE OR IN THE ALTERNATIVE TO CONVERT CASE TO CHAPTER 7 AND NOTICE OF EXPEDITED HEARING**  was served electronically upon the parties so noticed by the Clerk of the Bankruptcy Court, and upon the Debtors and Debtors' Attorney as listed below, by United States Mail first class postage prepaid or ecf transmission as noted on June 24, 2011.

                                  /s/ Christine A. March
                                  Christine Ann March

<u>Debtor</u>                                                Attorney for the United States Trustee
D'Aur Properties, L.L.C.
c/o Walden Davis, Jr.
595 Piedmont Ave NE
Ste 320-357
Atlanta, GA 30308

<u>Attorney for the Debtor</u>
Calvin C Braun
Orlando & Braun LLP
3401 Allen Parkway
Suite 101
Houston, TX 77019

Case 10-39034   Document 74   Filed in TXSB on 06/24/11   Page 6 of 6